UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERY ISAIAS PEREZ RAMIREZ,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-09209-DC-CSK (HC)<br><br><u>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 1, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

On November 9, 2026, Petitioner filed the pending habeas petition alleging that his ongoing immigration detention violates his constitutional right to due process. (Doc. No. 1 at 19–20.) Petitioner alleges that he has been subject to immigration detention for over a month without the opportunity to challenge the basis for his detention before a neutral adjudicator. (*Id.* at ¶ 26.) On that same day, Petitioner filed the pending motion for a temporary restraining order seeking his immediate release. (Doc. No. 3.)

On November 10, 2026, the court issued an order requiring Respondents to include with their response to Petitioner's motion and petition "all documentation and evidence verifying [the] basis for [Petitioner's] detention and reflecting the steps the detaining agency took to comply with

the procedural requirements of that detention authority." (Doc. No. 6.)

On November 13, 2026, Respondents filed their opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), and that the "only relief warranted [] is a bond hearing under Section 1226(a) and its implementing regulations, as [Petitioner] has yet to exhaust his administrative remedies." (Doc. No. 8 at 1.) Respondents also indicated that they do not oppose the court ruling directly on the merits of the petition. (*Id.*) Respondents attached to their opposition Petitioner's record of deportable alien and arrest warrant. (Doc. No. 8-1 at 1–5.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Petitioner contends that his continued detention without an individualized bond hearing violates his statutory rights under the Immigration and Nationality Act and constitutional rights under the Fifth Amendment Due Process Clause. (Doc. No. 1 at 19–20.) Respondents argue that Petitioner's detention is lawful under § 1226(a), and that he is entitled to a bond hearing pursuant to that statute, which he has not yet requested. (Doc. No. 8 at 1–2.)

When the government detains a noncitizen under § 1226(a), Department of Homeland Security officers must conduct an initial custody determination to determine whether detention or release is appropriate under that section. 8 C.F.R. § 236.1(c)(8) (permitting any "officer authorized to issue a warrant of arrest" to "release an alien . . . under the conditions at section [1]236(a)(2) and (3)" "provided that the alien [] demonstrates to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"). The officer making this initial determination memorializes the determination on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing

in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

Here, Respondents do not attach Petitioner's notice of custody determination to their opposition nor allege that one was issued upon Petitioner's detention. (Doc. No. 8.) Thus, while Respondents argue that Petitioner "should be required to exhaust his administrative remedies before filing a habeas petition" by requesting a custody redetermination hearing, there is no indication in the record that Petitioner was provided the procedural mechanism by which he could so request that hearing.

This court, along with many others in the Ninth Circuit, have found that "where there is no indication that the arresting officer makes an initial custody determination and permits the noncitizen to demonstrate that his release is proper, that detention is unlawful." *Aguilar Moreno v. Chestnut*, No. 1:26-cv-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026); *see Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (stating that the government's failure to provide a noncitizen "with an initial custody determination" "serve[s] as a basis for an order requiring the release of" the noncitizen). Where the government fails to provide a noncitizen with the statutory protections of § 1226(a), that failure constitutes a breach of both his statutory and due process rights. *Veliz-Pina v. Semaia*, No. 5:26-cv-04590, 2026 WL 3012453, at *8 (C.D. Cal. Oct. 6, 2026) (stating that § 1226(a) procedures, including an initial custody determination, "provide[] critical protections that safeguard [the noncitizen's] due process protected interest in freedom from arbitrary confinement"). Further, this court has found that where the government detains a noncitizen without adhering to the § 1226(a) procedures, the noncitizen's detention is unlawful from the outset, and the proper remedy is the noncitizen's immediate release. *Aguilar Moreno*, 2026 WL 3136176, at *3. Thus, for the reasons explained in *Aguilar Moreno*, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

/////

/////

## CONCLUSION

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and Motion for a Temporary Restraining Order (Doc. No. 3) are GRANTED as follows:
   a. Respondents shall immediately release Petitioner Nery Isaias Perez Ramirez (A-203-728-040) from their custody;
   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
   d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
2. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 20, 2026**

Dena Coggins
United States District Judge